Kresta Nora Daly, SBN 199689
**BARTH DALY LLP**
431 "I" Street, Suite 201
Sacramento, California 95814
Telephone: (916) 440-8600
Facsimile:  (916) 440-9610
Email:  kdaly@barth-daly.com

Attorneys for Defendant
DANIEL BONNETT

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DANIEL BONNETT,<br><br>　　　　　　Defendant. | Case No. 2:13-CR-00210-JAM<br><br>**STIPULATION AND ORDER TO CONTINUE THE RESTITUTION HEARING**<br><br>Judge: Honorable John A. Mendez |

　　　　Plaintiff United States of America, by and through its counsel Assistant United States Attorney Matthew Morris, and defendant, Daniel Bonnett, by and through his counsel, Kresta Nora Daly, hereby stipulate as follows:

　　　　1.  By previous order, this matter was set for April 26, 2016.

　　　　2.  By stipulation, defendant now moves to continue the restitution hearing until June 7, 2016 at 9:15 a.m. Plaintiff does not oppose this request.

　　　　3.  The parties agree and stipulate, and request that the Court find the following:

　　　　　　(a)　This court has approved the defense's funding request to allow expert witnesses from Global CompuSearch access to copies of the hard drives involved in this case in order to prepare for the restitution hearing.

　　　　　　(b)　The parties are in the process of preparing a Protective Order to allow Global

CompuSearch access to the computers at issue.

(c) The Department of Homeland Security cannot provide copies of the hard drives to Global CompuSearch until after the protective order is executed.

(d) Once Global CompuSearch has access to a copy of the hard drives, the assigned expert witness from their office will require several weeks to complete his research and generate a report. The protective order stipulated to by the defense and the government requires the defense expert to examine the digital evidence only at the offices of the Department of Homeland Security. This requires coordination of schedules by the expert witness and the Department of Homeland Security.

(e) In order to have sufficient time to complete his examination of the digital data and write up his findings into a report, the defense expert requires additional time.

(f) The parties agree the statutory time limit for holding a restitution hearing is ninety days after sentencing and that the Ninth Circuit has found "'. . . the purpose behind the statutory ninety-day limit on the determination of victims' losses is not to protect defendants from drawn-out sentencing proceedings or to establish finality; rather, it is to protect crime victims from the willful dissipation of defendants' assets.'" (*United States v. Cienfuegos*, 462 F.3d 1160, 1162-63 (9th Cir. 2006) (quoting *United States v. Zakhary*, 357 F.3d 186, 191 (2d Cir. 2004).)

(g) However, sentencing courts are not deprived of their authority to order restitution when they miss the ninety-day deadline "at least where . . . the sentencing court made clear prior to the deadline's expiration that it would order restitution." (*Dolan v. United States*, 560 U.S. 605, 608 (2010).)

(h) Here, the purpose of the ninety-day limit will be preserved. Mr. Bonnett is in custody, has almost no assets and little ability to those control assets. Further, he has been given notice that restitution would be ordered as multiple requests were

      (i)    included in his Presentence Investigation Report and this court set a hearing within the ninety-day limit in order to determine the restitution amount. He acknowledges this stipulation and proposed order acts as a waiver of his ability to use the passage of the ninety-day limit as argument against the imposition of restitution.

4. Counsel for Mr. Bonnett believes that failure to grant the above-requested continuance would deny Global CompuSearch and Mr. Bonnett's attorney the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

It is so stipulated.

Dated: March 3, 2016          Respectfully submitted,

BARTH DALY LLP

By   /s/ Kresta Nora Daly
KRESTA NORA DALY
Attorneys for DANIEL BONNETT

Dated: March 3, 2016          By   /s/ Kresta Nora Daly for
MATTHEW MORRIS
Assistant United States Attorney

## **ORDER**

GOOD CAUSE APPEARING upon the stipulation of the parties it is ordered:

The restitution hearing in this matter is continued to June 7, 2016 at 9:15 a.m.

**IT IS SO ORDERED.**

Dated: 3/3/2016

/s/ John A. Mendez
HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE