1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                    No.  2:13-cr-210-JAM-EFB P

12                    Respondent,

13            v.                                    FINDINGS AND RECOMMENDATIONS

14    DANIEL L. BONNETT,

15                    Movant.

16

17            Movant, proceeding without counsel, has filed a motion to vacate, set aside, or correct his

18    sentence pursuant to 28 U.S.C. § 2255.[1]  ECF No. 80.  The government has filed an opposition,

19    ECF No. 85, and movant has not, despite an extension, filed a reply.  For the reasons stated

20    hereafter, the section 2255 motion must be denied in its entirety.

21                                         Background

22            In June of 2013, movant was charged with a single count of receipt and distribution of

23    child pornography.  ECF No. 1.  Before entering his plea, movant cycled through several different

24    defense attorneys.  Initially, the court appointed Ms. Negin of the Office of the Federal Defender

25    to represent movant.  ECF No. 4.  Approximately a week later, Ms. Daly, a CJA panel attorney,

26    was substituted.  ECF Nos. 6, 7.  In August of 2013, movant requested and was granted leave to

27    _____

28    [1] This motion was assigned, for statistical purposes, the following civil case number: 2:18-
      cv-2278-JAM-EFB.

                                                1

make an attorney substitution – Mr. Morales – who had been retained to represent him.  ECF Nos. 11, 12.   On January 7, 2014, movant indicated his desire to fire Mr. Morales and the case was referred back to the Office of the Federal Defender.  ECF Nos. 15, 69.  Ms. Daly was re-appointed as counsel on January 21, 2014.  ECF No. 16.

After her re-appointment, Ms. Daly expressed doubts as to movant's competence.  ECF Nos. 17, 85-5 at 2.  Thereafter, the parties stipulated that movant should be committed to the custody of the Bureau of Prisons ("BOP") for a competency evaluation.  ECF No. 17 at 2.  The court granted that stipulation (ECF No. 18) and, on April 24, 2014, the BOP submitted its competency report.  ECF No. 85-6 at 2.  The report cover letter[2] summarized the findings and indicated that no objective information or evidence indicated that movant suffered from signs or symptoms of a major mental disorder.  *Id.* at 3.  It noted that movant's reported symptoms were inconsistent with observations of his actual behavior.  *Id.*

In November of 2014, movant's counsel indicated her intent to submit the matter of competency and asked the government for a plea agreement.  ECF No. 85-7.  Earlier, while movant was still represented by Mr. Morales and before questions as to his competency had arisen, the government had made an offer of plea terms.  ECF No. 85-8 at 2.  After Ms. Daly's request for a plea agreement, the government made a second plea offer which was substantially similar to the first in all respects save that the government now reserved the right to argue that movant's malingering behavior during the court-ordered competency evaluation amounted to obstruction of justice and merited a two-level sentencing enhancement.  ECF No. 85-9 at 4-12.

After receiving the government's new plea agreement, movant (through his counsel) indicated his intention to enter an open plea.  ECF No. 85-10 at 2.  Movant entered an open guilty plea on February 10, 2015.  ECF No. 34.   Ultimately, the court sentenced movant to one-hundred and eighty months in prison, with a subsequent term of thirty years of supervised release.  ECF No. 50 at 2-3.

/////

---

[2] The full report has been filed under seal as Exhibit 1 to the government's opposition. ECF No. 88.

Movant appealed and challenged two aspects of his sentence – the two-level adjustment for obstruction of justice and the five-level enhancement for distributing child pornography for a thing of value. *United States v. Bonnett*, 872 F.3d 1045, 1046 (9th Cir. 2017). He argued that allowing the obstruction of justice enhancement to stand chilled the exercise of his right to obtain a competency hearing. *Id.* The U.S. Court of Appeals for the Ninth Circuit rejected that argument. *Id.* Movant also argued that the distribution enhancement was inapplicable. *Id.* The Ninth Circuit disagreed, noting that the record indicated that movant traded child pornography of young girls in anticipation of receiving child pornography of young boys. *Id.*

Now, movant argues that: (1) his counsel[3] was ineffective in failing to dispute any facts alleged in the Presentence Report ("PSR") or psychiatric evaluation; (2) his guilty plea was involuntary; (3) his counsel was ineffective in failing to interview an unnamed psychiatrist who was treating him for schizophrenia "at the times relevant to the underlying case"; and (4) his counsel was ineffective in failing to assert a diminished capacity defense.

Legal Standards

I.      Motions Pursuant to 28 U.S.C. § 2255

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. *Davis v. United States*, 417 U.S. 333, 344-45 (1974); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that Brecht's harmless error standard applies to habeas cases under section 2255, just as it does to those under

---

[3] Each of movant's ineffective assistance claims appears to pertain to Ms. Daly's performance after her re-appointment.

3

section 2254.")  Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346. *See also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

Claims or arguments raised on appeal are not cognizable in a § 2255 motion. *See United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985) (claims previously raised on appeal "cannot be the basis of a § 2255 motion."); *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979) ("[i]ssues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding."). *See also Davis v. United States*, 417 U.S. 333, 342 (1974) (issues determined in a previous appeal are not cognizable in a § 2255 motion absent an intervening change in the law). Conversely, claims that could have been, but were not, raised on appeal are not cognizable in § 2255 motions. *United States v. Frady*, 456 U.S. 152, 168 (1982( (a collateral challenge is not a substitute for an appeal); *Sunal v. Large*, 332 U.S. 174, 178 (1947) ("So far as convictions obtained in the federal courts are concerned, the general rule is that the writ of habeas corpus will not be allowed to do service for an appeal"); *United States v. Dunham*, 767 F.2d 1395, 1397 (9th Cir. 1985) ("Section 2255 is not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal"). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, "the claim may be raised in habeas only if the defendant can first demonstrate either "cause" and actual "prejudice," or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted); *United States v. Braswell*, 501 F.3d 1147, 1149 (9th Cir. 2007) (same). "Ineffective assistance of counsel constitutes 'cause' for failure to raise a challenge prior to section 2255 collateral review." *United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993).

Claims challenging the sufficiency of the evidence are not cognizable in § 2255 motions. *See United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010) (movant's "evidence-based" claim that "called into doubt the overall weight of the evidence against him" was not cognizable in § 2255 motion); *Barkan v. United States*, 362 F.2d 158, 160 (7th Cir. 1966) ("a collateral proceeding under section 2255 cannot be utilized in lieu of an appeal and does not give persons adjudged guilty of a crime the right to have a trial on the question of the sufficiency of the

evidence or errors of law which should have been raised in a timely appeal"); *United States v. Collins*, 1999 WL 179809 (N.D. Cal. Mar. 25, 1999) (insufficiency of the evidence is not a cognizable attack under section 2255).

II.     Ineffective Assistance of Counsel Claims

The applicable legal standards for a claim of ineffective assistance of counsel are set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on a *Strickland* claim, a defendant must show that (1) her counsel's performance was deficient and that (2) the "deficient performance prejudiced the defense." *Id.* at 687. Counsel is constitutionally deficient if his or her representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." *Id.* at 687-88 (internal quotation marks omitted). "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687).

A reviewing court is required to make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 669; *see Richter*, 562 U.S. at 106. Reviewing courts must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. This presumption of reasonableness means that the court must "give the attorneys the benefit of the doubt," and must also "affirmatively entertain the range of possible reasons [defense] counsel may have had for proceeding as they did." *Cullen v. Pinholster*, 563 U.S. 170, 196 (2011) (internal quotation marks and alterations omitted).

Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. A reviewing court "need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of

5

the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 697.

The *Strickland* standards apply to appellate counsel as well as trial counsel. *Smith v. Murray*, 477 U.S. 527, 535-36 (1986); *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989). However, an indigent defendant "does not have a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Counsel "must be allowed to decide what issues are to be pressed." *Id.* Otherwise, the ability of counsel to present the client's case in accord with counsel's professional evaluation would be "seriously undermined." *Id. See also Smith v. Stewart*, 140 F.3d 1263, 1274 n.4 (9th Cir. 1998) (Counsel is not required to file "kitchen-sink briefs" because it "is not necessary, and is not even particularly good appellate advocacy.") There is, of course, no obligation to raise meritless arguments on a client's behalf. *See Strickland*, 466 U.S. at 687-88 (requiring a showing of deficient performance as well as prejudice). Thus, counsel is not deficient for failing to raise a weak issue. *See Miller*, 882 F.2d at 1434.

<u>Analysis</u>

I.      <u>Counsel's Failure to Object to the Psychiatric Evaluation or PSR</u>

Although movant argues that his counsel should have objected to both the competency evaluation and some, unspecified findings in the PSR. ECF No. 80 at 4. He admits, however, that he is "unable to cite specific discrepancies warrant dispute or objection" in either document. *Id.* Movant states that his inability to articulate any specific items to which counsel should have objected is due to being denied a copy of the PSR. *Id.* Thus, the crux of this claim appears to be movant's incredulity that "a psych-eval or [PSR] [could be] so accurate as to render any dispute or objection un-warranted." *Id.*

The vague assertion that there must have been something, anything, for his counsel to challenge is an improper attempt to shift the pleading burden. That is, movant's assertion could only be adjudicated on its own terms if the court undertook a review of the relevant documents and constructed specific claims on his behalf. The law on this issue is clear: it is the *movant's*

6

*burden* to show both that his counsel performance fell below an objective standard of reasonableness and that he was prejudiced thereby. *Strickland*, 466 U.S. at 687. This necessarily requires that he identify specific deficiencies in his counsel's performance. He has failed to do so.

Moreover, this claim is perplexing insofar, as the government points out, movant's counsel did object to aspects of the PSR. Specifically, she objected to: (1) a five level enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(B); (2) a two level enhancement pursuant to U.S.S.G. § 2G2.2(b)(6); (3) a five level enhancement U.S.S.G. § 2G2.2(b)(7)(D); (4) a purported overstatement of movant's criminal history calculation; and (5) the two level enhancement for obstruction of justice. ECF No. 85-11 at 7-11.

Based on the foregoing, this claim fails.

II.     Involuntary Plea

Movant argues that he was under "duress" when he entered his plea. ECF No. 80 at 5. He claims that, at the time of his plea, he was being held in "[twenty-two] hour lockdown every day" and was "going stir crazy." *Id.* His counsel purportedly told him that an open plea was the only relief he could hope for and he "gave in" to his counsel's proposed solution. *Id.*

This claim is frivolous. At the time he entered his plea and, under oath, movant had the following exchange with the court:

> **The Court:** All right. Mr. Bonnett, my understanding is you're going to plead guilty today to the charge in the indictment. The charge is that you received and distributed child pornography; is that correct?
>
> **Movant:** Correct.
>
> **The Court:** Okay. I'm going to ask you a number of questions to make sure this is a valid guilty plea. If you don't understand the question I'm asking you just let me know. Okay?
>
> **Movant:** Okay.
>
> …
>
> **The Court:** Okay. Mr. Bonnett, are you satisfied with the representation and advice given to you in this case by your attorney?
>
> **Movant:** Yes.

7

**The Court:** Are you entering your guilty plea voluntarily?

**Movant:** Yes.

**The Court:** And are you entering your guilty plea because you are, in fact, guilty?

**Movant:** Yes.

…

**The Court:** Mr. Bonnett, has anyone made any promises to you to get you to enter a guilty plea in this case?

**Movant:** No.

**The Court:** Has anyone threatened you in any way to get you to enter a guilty plea?

**Movant:** No.

ECF No. 85-3 at 4 – 6.  The court subsequently stated:

> **The Court:** It is the finding of the Court in the case of United States versus Daniel L. Bonnett that the defendant is fully competent and capable of entering an informed plea.  The Court also finds there is a factual basis for his plea and that the defendant has made a voluntary, knowing and intelligent waiver of his rights.  His plea is accepted.  He is now adjudged guilty of this offense.

*Id.* at 15.  As the government points out, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Here, as evidenced above, movant had ample opportunity to articulate either his feeling that his plea was coerced by his circumstances or his desire to defend against the charges rather than pleading guilty.  Instead, movant indicated that his plea was knowing and voluntary.

Further, as the government notes in its opposition, the claim now asserted by movant is inconsistent with the record in another respect.  Specifically, he now argues that his counsel advised him that an open plea was the only relief he could hope for.  ECF No. 80 at 5.  However, prior to the entry of his plea, the government offered the following into the record:

> **The Court:** Okay.  Mr. Morris and Ms. Daly, there is no plea agreement in this case.  This is an open plea.  Correct?
>
> **The Government:** That's correct, your Honor.  And I'd like to take this moment briefly to make a record in the presence of the defendant

that a written plea offer was extended. It has been rejected is my understanding. I'm not asking for either the Court or the defendant to make any comment about that. I just want the record to reflect that that is their understanding.

**The Court:** Okay. Ms. Daly, is that accurate?

**Counsel**: That is accurate. We have received a written plea agreement and rejected it.

ECF No. 85-3 at 6. That plea offer and its reception by movant's counsel is also reflected in the exhibits to the government's opposition. ECF No. 85-9. Thus, movant cannot credibly claim – as he now asserts – that he understood an open plea to be his only option.

III.    Competency

Movant raises two claims related to his competency: (1) he argues that his counsel was ineffective in failing to interview a psychiatrist who was treating him for schizophrenia; and (2) he claims that his counsel should have raised a diminished mental capacity defense. Neither claim is persuasive.

First, movant has failed to identify the psychiatrist whom his counsel should have interviewed. The government notes that a prison psychiatrist at the Metropolitan Detention Center in Los Angeles did prescribe medication and opine (at one point, at least) that movant was schizophrenic based on his self-reported delusions. However, it is unclear how the failure to interview[4] this psychiatrist was unreasonable in light of the BOP's lengthy competency report – authored by multiple psychiatrists - which determined that no objective evidence indicated that movant suffered from symptoms of any major mental disorder. Thus, the court concludes that effective counsel could have reasonably determined that further pursuit of evidence of incompetence would have been futile. *See Strickland*, 466 U.S. at 690 ("[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.").

/////

---

[4] The government notes that movant has offered no proof that his counsel did not speak with the psychiatrist. In responding to this motion, it assumes the truth of that assertion without conceding it. ECF No. 85 at 22 n. 20.

9

Second, movant has offered no evidentiary or legal support for his claim that counsel should have advanced a diminished capacity defense. As noted repeatedly *supra*, a team of psychiatrists at the BOP determined that he was not suffering from schizophrenia. And movant has not pointed to any other medical condition which would support a diminished capacity defense. Finally, the Supreme Court has held that:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . .

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Movant entered a knowing and voluntary guilty plea in this case. Thus, he is precluded from arguing that his counsel should have raised a diminished capacity defense.[5]

Conclusion

For the foregoing reasons, it is RECOMMENDED that movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 80) be DENIED and the Clerk be directed to close the companion civil case, No. 2:18-cv-2278-JAM.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections movant may address whether a certificate of appealability should issue in the event

---

[5] The court recognizes that movant re-asserts, in connection with this claim, that he was not competent to enter a plea. That claim fails as the court has already found that his plea was knowing and voluntary. Additionally, movant offers no specifics to support the claim that he was incompetent to enter a plea. He argues, for instance that "[a]ny casual observer would question movant's mental competence," but offers no reason why that would be so.

he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: July 25, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE